UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN KLEIN,<br><br>        Petitioner,<br><br>v.<br><br>NEIL MCDOWELL, warden,<br><br>        Respondent. | Case No.: 17cv00380 JAH-PCL<br><br>**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

  Pending before the Court is Petitioner Steven Klein's First Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. section 2254. Respondent filed an answer and Petitioner filed a traverse. Pursuant to 28 U.S.C. section 636(b)(1), the Honorable Peter C. Lewis, United States Magistrate Judge, submitted a Report and Recommendation ("Report") to this Court recommending denial of the petition. Petitioner filed objections to the Report, and filed a supplemental petition with additional grounds for relief. After careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court OVERRULES the objections, ADOPTS Judge Lewis's report, DENIES the petition in its entirety and DENIES a certificate of appealability.

# BACKGROUND[5]

On March 4, 2016, a jury convicted Petitioner of driving under the influence of alcohol in violation of California Vehicle Code section 23152(a) and driving while having a measurable blood alcohol of 0.08 or more, in violation California Vehicle Code section 23152(a) and (b). Lodg. 2 at 168 (Doc. No. 21-1). Petitioner was sentenced to 6 years imprisonment. Id. at 142.

Petitioner appealed his conviction through a brief submitted pursuant to People v. Wende, 25 Cal.3d 436 (1979) and Anders v. California, 386 U.S. 738 (1967), requesting the Court of Appeal to independently review the record and determine whether errors occurred requiring reversal. See Lodg. 8 (Doc. No. 21-11). While the appeal was pending, Petitioner, appearing *pro se*, filed a petition for writ of habeas corpus before the California Court of Appeal. See Lodg. 9 (Doc. No. 21-12). The California Court of Appeal affirmed the judgment, and denied his petition for writ of habeas corpus. See Lodgs. 10, 11 (Doc. Nos. 21-13, 21-14). Petitioner filed a petition for review which the California Supreme Court denied without opinion. See Lodgs. 12, 13 (Doc. Nos. 21-15, 21-16).

Petitioner original filed a petition for writ of habeas corpus on February 23, 2017, and filed a First Amended Petition on March 23, 2017. He also filed a supplement to his amended petition provided transcripts and a brief filed pursuant to Wende and a copy of a case in support of his petition. Defendant filed an answer and Petitioner filed a traverse.

Judge Lewis filed a report recommending the Court deny the petition. Petitioner filed objections to the Report on December 1, 2017. On June 22, 2018, Petitioner filed a motion to amend his petition and a request for stay and abeyance. He filed a second request for stay and abeyance on January 30, 2018. On March 12, 2018, he filed a request for ruling on structural error, requested the Court mandate the authentication of the MVARS,

---

[5] The underlying facts set forth in the report are adopted *in toto*, and referenced as if fully set forth herein. This Court provides only a brief procedural background.

a request for leave to amend his petition and request for counsel. He later filed a motion for leave to file electronically, a motion for ruling on his motions and a motion to substitute the respondent.

## DISCUSSION

### I. Petition for Writ of Habeas Corpus

#### A. Legal Standard

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. section 636(b)(1). Under this statute, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id. When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and the district court is not required to conduct a de novo review of the magistrate judge's report and recommendation. See Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) (stating that "de novo review of a R & R is only required when an objection is made"); United States v. Reyna–Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that 28 U.S.C. section 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise").

#### B. Analysis

Petitioner asserts the following grounds for relief: (1) denial of due process caused by the prosecutor's use of perjured testimony; (2) ineffective assistance of trial counsel; (3) denial of right to testify; (4) presentation of false testimony; (5) ineffective assistance of appellate counsel; and (6) structural error. In his supplemental petition, he attaches transcripts which he believes demonstrates structural error, in support of ground six. Petitioner also asserts additional grounds for relief, (7) failure to preserve evidence and (8) ineffective assistance of trial and appellate counsel.

//

3

17cv00380 JAH-PCL

**1. Ground 1**

In ground 1, Petitioner contends the prosecutor allowed Officer Vidana to offer perjured testimony at the preliminary hearing, motion to suppress and at trial. He maintains the Mobile Video Audio Recording System ("MVARS") proves Officer Vidana's testimony was false. He further contends the prosecutor colluded with trial counsel to conceal the audio evidence of the MVARS when only the video portion was played at trial. Respondent argues the MVARS does not prove Officer Vidana's testimony was false and provides a CD copy of both the video and audio of the MVARS.

The last reasoned decision, the state appellate court, determined Petitioner's assertion that the officer testified falsely was unsupported by evidence and was insufficient to state a claim for habeas relief.

Judge Lewis reviewed both the audio and video of the MVARS showing the pursuit, stop and arrest of Petitioner provided by Respondent. Citing Napue v. Illinois, 360 U.S. 264 (1959), Judge Lewis determined the MVARS does not establish Vidana's testimony was false. Additionally, Judge Lewis found there was no evidence to demonstrate trial counsel's decision to present only the video portion of the videotape was anything other than a tactical decision, and the audio portions could only hurt Petitioner at trial. Judge Lewis determined the state court's denial of Petitioner's perjury and collusion claims was neither contrary to, nor an unreasonable application of clearly established Supreme Court law nor based on an unreasonable determination of the facts.

Petitioner objects. He contends the MVARS was not authenticated, and it was actually a "Digitally Remastered Remix." Objections at 3. He contends the file format reduced the size and quality of the MVARS, and thereby compromised evidence. Noting Respondent submitted the video without any information to authenticate it, this Court directed Respondent to respond to Petitioner's objection or submit a declaration attesting to its authenticity. In response, Respondent explains current counsel did not lodge the video for the Court's review, has no personal knowledge about how the video was obtained and cannot authenticate it. However, Respondent obtained a copy of the video admitted

4

during the trial which includes audio, although defense counsel chose not to play the audio during his cross-examination. Respondent attests to its authenticity and lodges a copy with the Court. The Court finds Petitioner's allegations of the video being remixed are unsubstantiated and overrules his objection to the authenticity of the video. Additionally, Petitioner's groundless allegation that the video was altered is insufficient to support the claims for knowingly offering perjured testimony or colluding to offer false testimony. The Court agrees that the video does not demonstrate the officer's testimony was false, and, therefore, the Court adopts Judge Lewis's findings and recommendation to deny this claim.

**2. Ground 2**

Petitioner asserts trial counsel violated his Sixth Amendment rights by colluding to conceal evidence of the audio of the MVARS, failing to present expert witness testimony at trial and failing to renew a motion to suppress. Respondent contends counsel's tactical decisions were reasonable.

The California Court of Appeal denied the claim upon determining Petitioner failed to submit evidence that the officer testified falsely, failed to present a declaration from an expert or any other evidence explaining what the expert testimony would have been or how it would have helped his case, and failed to show a renewed motion to suppress would be meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence.

Relying on <u>Strickland v. Washington</u>, 4666 U.S. 668 (1984), Judge Lewis found counsel's decision to not present audio does not constitute deficient performance or that there is a reasonable probability that the result of the proceeding would have been different. Judge Lewis similarly found counsel's failure to call a defense expert did not constitute deficient performance and Petitioner failed to establish how the expert would have changed the outcome of the case. With regard to counsel's failure to renew his motion to suppress, Judge Lewis found Petitioner did not establish he was prejudiced by the failure. Judge Lewis determined the state court's denial of this claim was neither contrary to, nor an

unreasonable application of clearly established Supreme Court law nor based on an unreasonable determination of the facts.

Petitioner objects and points to different portions of the record in support of his claim that counsel colluded to conceal evidence. However, upon review of the record, this Court finds these discussions between the trial court and the parties about the MVARS during the trial process do not demonstrate any attempt or agreement to conceal evidence or otherwise show counsel's decision not to play the audio at trial was anything other than a tactical decision. As such, the Court agrees with Judge Lewis's determination that the decision to not present audio does not constitute deficient performance. The Court also agrees with Judge Lewis's determination that counsel's failure to call a defense expert and failure to renew a motion to suppress did not constitute deficient performance, and Petitioner failed to establish the trial outcome would have been different had counsel done so. Accordingly, Petitioner's objections are overruled and the Court adopts Judge Lewis's findings and denies this ground for relief.

**3. Ground 3**

In ground 3, Petitioner maintains he was denied his constitutional right to testify. He contends his attorney knew he wanted to testify but when he asked his attorney, the attorney responded it was too late. Respondent argues Petitioner made a conscious decision to not testify and, thereby, waived the right.

The California Court of Appeal determined Petitioner failed to state a prima facie case for denial of his right to testify because he does not allege he informed his counsel or the trial court of his desire to testify at any time before he was found guilty.

Judge Lewis found the record contained no evidence that Petitioner insisted on testifying, spoke to the court about his wish to testify or that he discharged his lawyer for refusing to permit him to testify and the record supported a conclusion Petitioner waived his right to testify. This Court agrees with Judge Lewis that the record supports the conclusion that Petitioner waived his right to testify and, therefore, the state court's denial

of the claim was neither contrary to, nor an unreasonable application of clearly established Supreme Court law nor based on an unreasonable determination of the facts.

### 4. Ground 4

In ground 4, Petitioner contends the prosecutor made a false statement in his closing argument about the expert's testimony regarding the margin of error for the breathalyzer and trial counsel did not object. Respondent argues the prosecutor did not misquote the expert and his argument was grounded on the evidence.

The California Court of Appeal determined Petitioner failed to state a prima facie case for habeas relief because his unsupported assertion that numerous cases acknowledge the margin of error was insufficient to establish prejudicial error warranting vacating judgment.

Judge Lewis determined the record establishes the prosecutor's statements correctly characterized the expert's opinion. This Court agrees. Therefore, the state court's denial of the claim was neither contrary to nor an unreasonable application of clearly established Supreme Court law nor based on an unreasonable determination of the facts.

### 5. Ground 5

Petitioner asserts, in ground 5, that appellate counsel was ineffective when he failed to secure and review audio and video evidence. Respondent contends Petitioner cannot overcome the presumption of correctness and demonstrate prejudice.

The California Court of Appeal determined Petitioner failed to state a prima facie claim of constitutionally ineffective assistance of appellate counsel because the claims he argues appellate counsel should have raised on appeal have no merit and the right to effective assistance of appellate counsel does not include the right to have counsel press frivolous or meritless arguments.

Relying on <u>Strickland</u>, Judge Lewis found Petitioner does not establish he was prejudiced by appellate counsel's actions because he fails to demonstrate he would have prevailed on appeal had counsel obtained and reviewed the MVARS videotape. This Court agrees that Petitioner is not entitled to relief as to this claim because he cannot establish

prejudice. Therefore, the states court's denial of the claim was neither contrary to, nor an unreasonable application of clearly established Supreme Court law, nor based on an unreasonable determination of the facts.

**6. Supplemental Grounds**

Petitioner asserts three additional grounds not included in his amended petition: (a) structural error; (b) failure to preserve evidence, and (c) ineffective assistance of trial and appellate counsel for failing to challenge the structural error.

In a supplemental document entitled "Motion(s)" Petitioner provides the copy of a docket indicating he filed a petition for a writ of habeas corpus with the California Supreme Court on November 30, 2017, which was denied on February 14, 2018. His petition includes the following claims: (1) for structural error based upon the trial court overruling defense counsel's objection to the prosecutor's misstatement of the burden of proof, (2) collusion, evidence tampering, due process, ineffective assistance of counsel, prosecutorial misconduct, conspiracy and fraud based upon a failure to preserve evidence, and (3) ineffective assistance of trial and appellate counsel for failure to address structural error. Petitioner also attaches a copy of the California Supreme Court decision denying his petition on February 14, 2018, which reads:

> The petition for writ of habeas corpus is denied. (See *In re Clark* (1993) 5 Cal.4th 750, 767-769 [courts will not entertain habeas corpus claims that are successive].) Individual claims are denied, as applicable. (See *People v. Duvall* (1995) 9 Cal.4th 464, 474 [a petition for writ of habeas corpus must include copies of reasonably available documentary evidence]; *In re Dixon* (1953) 41 Cal.2d 756, 759 [courts will not entertain habeas corpus claims that could have been, but were not, raised on appeal]; *In re Miller* (1941) 17 Cal.2d 734, 735 [courts will not entertain habeas corpus claims that are repetitive].).

Doc. No. 31 at 22.

**a. Ground 6**

In ground 6, Petitioner requests the Court review the record and determine whether the state court proceedings offended Petitioner's constitutional rights. In his supplemental petition, he contends "structural error" occurred which requires reversal of his conviction. He refers to appellant counsel's <u>Wende</u> brief which asserts' the trial court's act of

8

17cv00380 JAH-PCL

overruling the defense objection to the prosecutor's closing argument which misstated the law was error. Respondent argues Petitioner's request for the Court to review the proceedings for error is without precedent. Respondent further argues Petitioner's specific complaints are unexhausted and should be denied as meritless. In his traverse, Petitioner contends appellate counsel's <u>Wende</u> brief identified structural error when the prosecution lowered its burden of proof.

Judge Lewis held the court cannot conduct an independent review of the record to determine this ground for relief. Judge Lewis also determined the new specific claims raised in ground 6 are unexhausted and meritless. Petitioner objects. He maintains neither Respondent nor Judge Lewis address the structural error claim.

Petitioner's supplemental and subsequent filings clarify what he is asserting in this ground for relief and provide additional argument in support. He argues the trial court erred when it overruled trial counsel's objection to the prosecutor's closing argument which, he maintains, improperly lowered the burden of proof. Specifically, he contends the prosecutor misstated the burden of proof when he stated the jury must consider all of the evidence together in deciding whether there was a reasonable doubt as to Petitioner's guilt.

A defendant's due process rights are violated when a prosecutor's misconduct renders a trial fundamentally unfair. See <u>Darden v. Wainwright</u>, 477 U.S. 168, 180 (1986). "[U]nder Darden, the first issue is whether the prosecutor's remarks were improper and, if so, whether they infected the trial with unfairness." <u>Tan v. Runnels</u>, 413 F.3d 1101, 1112 (9th Cir. 2005).

Petitioner challenges the following statement made by the prosecutor during the rebuttal closing argument:

> You have to consider all of the evidence together, and then consider whether all of that evidence together points to a reasonable doubt, and if all of the evidence together does not point to a reasonable doubt, and only points to guilt, then you must reject the ones --

17cv00380 JAH-PCL

RT 314:3 – 6, Lodg. 5 (Doc. No. 21-7). Petitioner argues the prosecutor's statement lessened the burden of proof by suggesting the defendant must raise reasonable doubt as to all the evidence together. Immediately following the statement, defense counsel objected. After the court overruled defense counsel's objection, the prosecutor continued and explained:

> Again, the standard is you must accept only reasonable conclusions and reject any that are unreasonable. If a conclusion is unreasonable, you have to reject it. It's not a standard of scientific certainty. It's a standard of reasonable doubt. And it's not a standard of beyond all possible doubt. You have to decide this case based on the evidence in this case, evidence, not speculation about what might have occurred or what's possible. And the evidence in this case establishes beyond a reasonable doubt that he's guilty of both counts.

RT 314:23 - 315:6.

The prosecutor was addressing an instruction explaining circumstantial evidence. Immediately prior to the challenged statement, the prosecutor read a portion of the instruction and stated:

> How it works is you take all of the evidence in this case, and then when you consider all of the evidence in this case, is there one reasonable conclusion or is there two reasonable conclusions?

RT 314:3 – 6.

Defense counsel objected, which the court overruled and explained:

> Ladies and gentlemen, it is your interpretation of the instructions and your interpretation of the evidence that is of paramount importance.

RT 314:10-12.

This Court finds, in context, the statement did not mislead the jury as to the burden of proof. The court's instruction on circumstantial evidence permits either party to draw reasonable inferences from the evidence, and reasonable inferences from the totality of the evidence may support any or all elements of a criminal act. The trial court instructed the jury on the standard of reasonable doubt, and what is evidence. The court also explained that the closing arguments were not evidence and if either attorney's comments conflicted with the instructions, they were to follow the written instructions. The trial court's instructions and both counsels' closing arguments conveyed to the jury that they were

required to find the prosecutor proved each element of the charges beyond a reasonable doubt.

Even if the prosecutor's comments were improper, in light of the instructions given by the trial court, there is nothing to indicate the jury followed the statements by the prosecutor rather than the instructions provided by the court. Accordingly, Petitioner is not entitled to relief as to this claim.

**b. Failure to Preserve Evidence**

In his seventh ground for relief, Petitioner asserts the prosecution and his trial counsel conspired to deprive him due process by concealing evidence material to his defense, namely the audio portion of the MVARS. He, again, claims the MVARS was altered.

Petitioner claims that the MVARs was somehow altered are unsubstantiated and unsupported by the evidence, including the recent authentication provided by Respondent. Additionally, the record does not support Petitioner's allegations of a conspiracy to conceal evidence. As explained above, the discussions between the trial court and the parties about the MVARS during the trial process do not demonstrate any attempt or agreement to conceal evidence or otherwise show counsel's decision not to play the audio at trial was anything other than a tactical decision. As such, this claim is without merit.

**c. Ineffective Assistance of Trial and Appellate Counsel**

Petitioner contends trial and appellate counsel failed to challenge structural error that resulted in a deficient standard of proof. Specifically, he contends trial counsel failed to seek a writ of mandate prior to sentencing based upon the deficient standard of proof used to obtain his conviction. He further contends appellate counsel failed to file a merits brief on appeal and, instead, "buried" a structural error argument within a <u>Wende</u> brief which declared no arguable issue could be found. This Court has determined in section I.B.6.b. Petitioner's claims of structural error are without merit. As such, counsels' purported failure to challenge the conviction based upon structural error was not deficient.

Petitioner also argues both trial and appellate counsel were ineffective for failing to preserve the MVARS evidence and moving for sanctions. This claim is supported by Petitioner's assertion that the MVARS is altered which are unsubstantiated and groundless.

As such, Petitioner fails to establish counsels' failure to challenge his conviction based upon structural error and failure to preserve evidence constitutes deficient performance. He also fails to show there is a reasonable probability the results would have been different. Therefore, his claim is denied.

**7. Evidentiary Hearing**

The Court agrees with Judge Lewis' determination that Petitioner is not entitled to an evidentiary hearing based upon the fact he is not entitled to habeas relief.

**II. Certificate of Appealability**

Pursuant to Rule 11 of the Rules following 28 U.S.C. section 2254, which was amended effective December 1, 2009, a district court now "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A state prisoner may not appeal the denial of a section 2254 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(A); *see also United States v. Asrar*, 116 F.3d 1268, 1269–70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, petitioner must show: (1) the issues are debatable among jurists of reason, (2) a court could resolve the issues in a different manner, or (3) the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024–25 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000); *Barefoot v. Estelle*, 463 U.S. 880 (1983)).

The Court finds no issues are debatable among jurists of reason. This Court further finds no issues could be resolved in a different manner. Lastly, this Court finds no questions are adequate to deserve encouragement to proceed further. Accordingly, this Court DENIES Petitioner a certificate of appealability.

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1. Petitioner's motion to substitute respondent is **GRANTED IN PART**. Neil McDowell is substituted in as respondent.
2. Petitioner's objections to the Magistrate Judge's report and recommendations are **OVERRULED.**
3. The Magistrate Judge's report and recommendation is **ADOPTED.**
4. The petition is **DENIED** in its entirety.
5. Petitioner's remaining motions are **DENIED as moot**.
6. Petitioner is **DENIED** a certificate of appealability.

DATED: November 16, 2018

_____
JOHN A. HOUSTON
United States District Judge

13

17cv00380 JAH-PCL